[No. 54.   Second Appellate District.—August 21, 1905.]

## H. M. REED et al., Respondents, v. R. McDONALD, Appellant.

SALE OF HAY—ESTIMATED TONNAGE—ACTION FOR EXCESS OF MONEY PAID—BURDEN OF PROOF.—In an action to recover an alleged excess of money paid for hay sold, under an alleged agreement between the parties to adjust any excess or deficiency of tonnage at a fixed price per ton, paid upon an estimated amount, the burden is upon the plaintiffs to show that under the contract alleged in the complaint there was a deficiency in the estimated quantity paid for.

ID.—MODE OF MEASURING TONNAGE—ORAL MODIFICATION OF WRITTEN CONTRACT—EXCLUSION OF ORIGINAL.—Where the plaintiffs relied upon an oral modification of a written contract as to the mode of measuring the tonnage of the hay sold, and had offered the written contract, and had withdrawn it before ruling upon objection of defendant as to variance, such objection cannot be considered: but it was prejudicial error subsequently to exclude the written contract when offered by defendant to show its stipulations as to such mode. In the absence of the original contract the oral modification thereof could not be satisfactorily determined.

ID.—SALE OF PART OF HAY DELIVERED—PARTIES.—Purchasers from the plaintiffs of part of the hay delivered are not necessary parties to the action to recover the excess of the money alleged to have been paid by plaintiffs to defendant upon his sale to plaintiffs.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Laird & Packard, for Appellant.

Smith & Allen, for Respondents.

ALLEN, J.—Plaintiff's complaint avers that on February 20, 1900, they bought of defendant a stack of baled hay containing six hundred and fifty tons, more or less, at $8.75 per ton; that it was agreed that until the hay was removed and the true tonnage learned, plaintiffs should pay the contract price therefor to defendant, and when the hay was moved

and the true tonnage ascertained, if there was more or less than six hundred and fifty tons, the excess or deficiency should be adjusted between the parties at the selling rate per ton. The plaintiffs paid the price based on the estimate. Afterwards, on February 1, 1901, plaintiffs allege that they completed the removal of the hay and ascertained that the stack contained but four hundred and seventy-one tons, plus, which deficiency, at the rate named, amounted to $1,563.20. Defendant denies that the removal of said hay was ever completed, or any ascertainment was ever had that said stack contained four hundred and seventy-one tons, plus, only; and alleges further that at the date of the commencement of the action, and long prior thereto, the hay had been sold to and was the property of others not parties to the action, who were and still are living.

Findings and judgment for plaintiffs, and from the judgment and order denying a new trial defendant appeals.

It appears from the evidence that possession of the hay was delivered to the purchasers at the date of the purchase, and that the purchasers caused the same to be insured in their names and returned the same for tax-assessment as their property. Although, at the time of the sale, they returned the keys of the corral in which the hay was situate to the seller, he was to deliver the same upon the purchasers' request to those whom they might desire to remove the hay. It further appears that plaintiffs commenced the removal of the hay about March 1st, under an agreement with the seller (whether in harmony with the written agreement or not does not appear from the record) that the weights should be determined by reference to tags placed in each bale by the baler; and under this arrangement plaintiffs removed three hundred seven and one quarter tons, the weights of which, it is shown, were satisfactory to all parties; plaintiffs having on the day of their purchase sold three hundred tons of the hay to one De Groot, who, after the removal of the hay above specified, employed a man named Loveland to remove and ship his three hundred tons of hay. There is testimony offered by plaintiffs tending to show that De Groot and plaintiffs had a conference with defendant before De Groot commenced the removal of the hay, at which it was agreed that, instead of De Groot weighing and determining the weights

as by the contract provided, the car'weights of the railroad company should be accepted. The evidence is without conflict, however, that defendant refused to accept car-weights from De Groot, or weights of any kind from Loveland, his agent. During the progress of the trial plaintiffs offered in evidence the original written contract between plaintiffs and defendant, executed at the time of the sale, to the introduction of which the defendant objected because it was in terms different from the terms set out in the complaint. Thereupon plaintiffs withdrew the offer. This objection on defendant's part seems to have been captious; but the offer having been withdrawn before any ruling of the court was had upon the question, the incident is not worthy of notice.

During the cross-examination of one of the plaintiffs, and subsequently when defendant was putting in his testimony, he offered in evidence, after proper identification, the written contract between the parties with reference to the sale of this hay, it having been stated in open court by plaintiff's attorney that this contract contained stipulations as to the manner in which the tonnage should be determined. The introduction of the written contract was objected to by plaintiffs as being incompetent and irrelevant, which objection was sustained. This was error. The burden was upon the plaintiffs to show that under the contract, as set out by them, there was a deficiency in the quantity estimated; and on this question the manner of weighing or determining the tonnage provided in the contract was a material matter.

Plaintiffs' contention, however, was, and is, that this written agreement was changed by an oral executed agreement, by the terms of which the manner of ascertaining the tonnage was changed. But on the evidence in the records there is a question whether the modifying agreement was so far executed as to give it validity; and in the absence of the original contract, the question cannot be satisfactorily determined.

The prejudicial character of the error in excluding this written contract is apparent throughout the entire record.

The purchasers from Reed were not necessary parties to this action.

Judgment and order reversed.

Gray, P. J., and Smith, J., concurred.